UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SHIKERA CHAMNDANY,

Plaintiff,

v.

TRICIA HARDING; ANDREA EATON; AND DOES 1 through 10, inclusive,

Defendants.

**CASE NO. 8:22-cv-00243-FWS-DFM**

**ORDER GRANTING MOTION FOR PARTIAL JUDGMENT AS TO DEFENDANT ANDREA EATON [49], CONTINUING AND RESETTING HERARING ON MOTION FOR AWARD OF FEES AND COSTS [50], AND ORDERING SUPPLEMENTAL BRIEFING**

Judge: Hon. Fred W. Slaughter

## I. Introduction

Before the court is Defendant Andrea Eaton's ("Defendant") Motion for Partial Judgment under Federal Rule of Civil Procedure 54(b). (Dkt. 49.) Plaintiff opposes, (Dkt. 51), and Defendant filed a reply, (Dkt. 54). Also before the court is Defendant's Motion for Award of Mandatory Attorney's Fees and Costs Pursuant to Cal. Civ. Proc. Code § 425.16(c)(1). (Dkt. 50.) This matter is fully briefed. (*See* Dkts. 57, 62.) Based on the state of the record, as applied to the applicable law: (1) Defendant's Motion for Partial Judgment (Dkt. 49) is **GRANTED**; (2) Defendant's Motion for Award of Mandatory Attorney's Fees and Costs (Dkt. 50) is **CONTINUED** and **RESET** for hearing on **September 21, 2023, at 10:00 a.m.**; and (3) the court **ORDERS** supplemental briefing regarding Defendant's Motion for Award of Mandatory Attorney's Fees and Costs as detailed at the end of this Order.

In the initial Complaint, Plaintiff brought claims against Defendant and Defendant Tricia Harding under 42 U.S.C. § 1983 for (1) violation of Plaintiff's First Amendment right to petition government; and (2) violation of Plaintiff's Fourteenth Amendment right to due process based on extortion. (Dkt. 1 ¶¶ 73-86, 123-134.) Plaintiff also asserted claims against Defendant Harding for (1) violation of Plaintiff's Fourth Amendment right to be free from unreasonable search and seizures; (2) excessive force in violation of the Fourth Amendment; (3) false arrest/imprisonment; (4) battery; (5) violation of California's Bane Act, Cal. Civ.

Code § 52.1; (6) negligence; and (7) intentional infliction of emotional distress. (*Id.* ¶¶ 15-134.) Defendant and Defendant Harding moved to dismiss the Complaint's claims based on the First Amendment, Bane Act, negligence, and the Fourteenth Amendment, as well as its cause of action for intentional infliction of emotional distress under Rule 12(b)(6). (Dkt. 20.) Defendant also moved to strike the First and Fourteenth Amendment claims brought against her under California's anti-SLAPP statute. (Dkt. 21.) In its order on these motions, the court struck the claims against Defendant and dismissed those brought against Defendant Harding, but granted leave to amend all claims. (Dkt. 36.) Of note, the court found Plaintiff's First and Fourteenth Amendment claims asserting Defendant and Defendant Harding's actions constituted extortion did not concern Defendant Harding's conduct, and consequently dismissed those claims as to Defendant Harding. (*Id.* at 29-30.)

Plaintiff filed the First Amended Complaint on October 18, 2022, asserting substantially the same claims but omitting the cause of action for intentional infliction of emotional distress and pleading the claims against Defendant as a single count based on the alleged violations of Plaintiff's First and Fourteenth Amendment rights. (*See* Dkt. 37.) Plaintiff asserted the latter claim only against Defendant. (*Id.* ¶¶ 72-86.) Defendant then moved to dismiss it.[1] (Dkt. 39.)

---

[1] Defendant Harding did not join in the motion, which only sought dismissal of the claim for relief brought against Defendant.

Having found that this claim shared the same factual basis as the previous iteration that was barred by California's anti-SLAPP statute, Defendant was entitled to qualified immunity on the merits, and permitting further amendment would be futile, the court dismissed the claim against Defendant with prejudice. (Dkt. 47 at 12.) Plaintiff's claims against Defendant Harding remain pending.

Defendant now moves for entry of judgment in her favor on Plaintiff's claims against her pursuant to Rule 54(b). Defendant asserts that entry of judgment is proper because the court's order granting her motion to strike disposed of those claims, which are separate from those pending against Defendant Harding. (Dkt. 49 at 3-4; Dkt. 54 at 1-5.) Plaintiff disagrees, asserting judgment is premature because her claims against Defendant are intertwined with those pending against Defendant Harding, and entry of judgment would require Plaintiff to litigate simultaneous actions if she appeals the court's underlying order. (Dkt. 51 at 1-10.)

In a subsequent motion, Defendant seeks an award of costs and fees pursuant to California Code of Civil Procedure § 425.16(c)(1). Defendant asserts an award under § 425.16 is mandatory because the court granted Defendant's anti-SLAPP motion to strike and contends the requested fees are reasonable. (Dkt. 50 at 6-9.) Plaintiff does not challenge that an award of fees under § 425.16(c)(1) is mandatory but opposes this motion on the basis that Defendant has not produced sufficient documentation supporting the reasonableness of the requested award. (Dkt. 57 at 2-5.) In rebuttal, Defendant argues her documentation is sufficient. (Dkt. 62 at 1-8.)

## II. Motion for Entry of Judgment under Rule 54(b)

In an action involving more than one claim for relief or multiple parties, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "To determine whether Rule 54(b) certification is appropriate, the district court 'must first determine that it is dealing with a final judgment.'" *Stanley v. Cullen*, 633 F.3d 852, 864 (9th Cir. 2011) (quoting *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7 (1980)).

"It is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised in the interest of sound judicial administration." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (internal quotation marks omitted) (citing *Curtiss-Wright*, 446 U.S. at 8). Courts in the Ninth Circuit "employ[] a pragmatic approach," *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 575 (9th Cir. 2018) (citation and internal quotation marks omitted), which "focus[es] on severability and efficient judicial administration," *Wood*, 422 F.3d at 880 (citation and internal quotation marks omitted). Generally, "Rule 54(b) certification is proper if it will aid 'expeditious decision' of the case." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991) (citation omitted). However, "[j]udgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of

proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

Certification under Rule 54(b) calls for a two-step analysis. First, the court evaluates "juridical concerns" aimed at preventing "piecemeal appeals in cases which should be reviewed only as single units." *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (quoting *Curtiss-Wright*, 446 U.S. at 10). Relevant concerns of this varietal include "whether the certified order is sufficiently divisible from the other claims such that the 'case would [not] inevitably come back to [the appellate] court on the same set of facts.'" *Id.* (quoting *Wood*, 422 F.3d at 879). Once this "first step [is] satisfied," the court then assess "equitable concerns." *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989). This inquiry "focus[es] on traditional equitable principles such as prejudice and delay." *Id.* District courts are "encourage[d]," albeit not required, to "make factual findings and to explain their reasons for certifying under Rule 54(b) in order to facilitate appellate review." *Jewel*, 810 F.3d at 628 (citation omitted).

As Defendant notes, Plaintiff does not meaningfully contest that the court's order on Defendant's second motion to dismiss disposed of Plaintiff's claims for relief against Defendant in their entirety such that they may be entered as a "final judgment" for purposes of Rule 54(b). The court agrees; the court's order dismissed Plaintiff's claims for relief against Defendant with prejudice, and no

claims against Defendant remain pending. (Dkt. 41.) Accordingly, the court determines its previous order is a final decision for purposes of Rule 54(b). *See Ariz. State Carpenters Pension Tr. Fund v. Miller*, 938 F.2d 1038, 1039-40 (9th Cir. 1991) ("A decision is final . . . if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.") (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275 (1988)).

The court turns next to juridical concerns. The court's order "disposed of the case between [Plaintiff] and [Defendant], freeing [Defendant] from further unduly burdensome litigation." *See Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009). Importantly, as the court previously found, the remaining claims brought against Defendant Harding are factually and legally distinct from those brought against Defendant. (*See* Dkt. 36 at 29-30.) Plaintiff's claims against Defendant Harding concern the alleged events leading up to the injuries she sustained when attempting to receive her transcript at the University of California, Irvine. Conversely, the allegations pertaining to Defendant's conduct all concern the subsequent negotiations to resolve Plaintiff's claims stemming from that prior incident. And while Plaintiff asserted her claim against Defendant under 42 U.S.C. § 1983 like several brought against Harding, there is no overlap in the underlying alleged constitutional violations. Specifically, the claims brought against Defendant Harding are rooted in the Fourth Amendment's unreasonable search and seizure jurisprudence, while those asserted against Defendant are based on violations of the

First and Fourteenth Amendments' protections of speech and petitioning activity. Although the fact that Plaintiff's claims against Defendant Harding remain pending in this case cuts against certification, *see Jewel*, 810 F.3d at 630, the distinctions between those claims and the stricken claim brought against Defendant counsel towards certification under Rule 54(b), *see Noel*, 568 F.3d at 747 (holding district court's certification under Rule 54(b) was proper despite that "similar claims remain[ed] pending against other defendants" where "the factual bases of many of the claims differ[ed]"). Therefore, on the occasion Plaintiff appeals the court's order and succeeds, the risk of duplicative appeals from this case applying the same legal principles to the same facts is minimal. Although the court acknowledges the policy against piecemeal appeals of cases that should be reviewed as a single unit, *see, e.g.*, *Curtiss-Wright*, 446 U.S. at 8, 10, the court finds entering judgment on the claims against Defendant will "streamline the ensuing litigation" by finalizing and separating them from those that remain pending against Defendant Harding, *see Ponsoldt*, 939 F.2d at 798. Accordingly, the court finds juridical concerns favor entry of partial final judgment under Rule 54(b).

Finally, the court finds no just reason to delay entry of final judgment. The majority of Plaintiff's opposition focuses on the facts underlying her claims against Defendant, (*see* Dkt. 51 at 4-8), but also touches upon the practical consequence that certifying judgment under Rule 54(b) would require Plaintiff to litigate an appeal simultaneously with the claims pending against Defendant Harding in this

court, (*see id.* at 9-10). Defendant, however, raises the countervailing concern she would essentially be held in limbo pending the final resolution of Plaintiff's remaining claims against Defendant Harding absent certification of final judgment. (*See* Dkt. 54 at 3-4.) On balance, especially considering the severability between the claims against Defendant and those remaining against Defendant Harding on factual and legal bases, the court concludes the equities of this case support entering of final judgment under Rule 54(b).

Accordingly, based on the state of the record, as applied to the applicable law, the court **GRANTS** Defendant's motion for partial judgment and will direct entry of final judgment in her favor as stated at the end of this Order.

## III. Motion for Fees Under Cal. Civ. Proc. Code § 425.16

"State law governs attorney's fees awards based on state fee-shifting laws, like California's anti-SLAPP statute." *Graham-Sult v. Clainos*, 756 F.3d 724, 751 (9th Cir. 2014) (citation omitted). California's anti-SLAPP statute generally provides that "a prevailing defendant on a special motion to strike shall be entitled to recover that defendant's attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c)(1). The award is mandatory. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001). The movant may recover only fees and costs reasonably related to the motion to strike, *see Christian Research Inst. v. Ulnar*, 165 Cal. App. 4th 1315, 1320 (2008), including those incurred from the reasonable time spent to enforce an award of attorney's fees under the statue, *Ketchum*, 24 Cal.4th at 1141. The fee

provision of the anti-SLAPP statute applies in federal court. *Metabolife Intern., Inc. v. Wornick*, 213 F.Supp.2d 1220, 1221 (S.D. Cal. 2002).

Because the court granted Defendant's anti-SLAPP motion to strike, the inquiry before the court is whether the fees sought by Defendant are reasonable. The California Supreme Court has indicated that "that the lodestar adjustment approach should be applied to fee awards under Code of Civil Procedure section 425.16." *Ketchum*, 24 Cal. 4th at 1136. "Under that method, the court tabulates the attorney fee touchstone, or lodestar, by multiplying the number of hours reasonably expended by the reasonable hourly rate prevailing in the community for similar work." *Cabral v. Martins*, 177 Cal. App. 4th 471, 491 (2009) (citation and internal quotation marks omitted). The court may then increase or decrease the lodestar amount "depending on a variety of factors, including the contingent nature of the fee award." *Ketchum*, 24 Cal. 4th at 1134.

"The amount of an attorney fee to be awarded is a matter within the sound discretion of the trial court." *In re Tobacco Cases I*, 216 Cal. App. 4th 570, 587 (2013) (citation and internal quotation marks omitted). "The lodestar calculation begins with a determination of the reasonable hourly rate, i.e., the rate prevailing in the community for similar work." *Marshall v. Webster*, 54 Cal. App. 5th 275, 285 (2020) (citation and internal quotation marks omitted). Generally, "[t]he relevant 'community' is that where the court is located." *Id.* (citation and internal quotation marks omitted). In determining whether an hourly rate is reasonable, "the court

may rely on its own knowledge and familiarity with the legal market, as well as the experience, skill, and reputation of the attorney requesting fees, the difficulty or complexity of the litigation to which that skill was applied, and affidavits from other attorneys regarding prevailing fees in the community and rate determinations in other cases." *569 E. Cnty. Boulevard LLC v. Backcountry Against the Dump, Inc.*, 6 Cal. App. 5th 426, 437 (2016) (citations omitted). The court "may also consider whether the amount requested is based upon unnecessary or duplicative work." *Frym v. 601 Main St. LLC*, 82 Cal. App. 5th 613, 621 (2022) (citation and internal quotation marks omitted).

Defendant seeks a total in $18,900 in fees.[2] Defendant's supporting declarations of counsel state the following attorneys billed the following hours at an hourly rate of $225: (1) Ms. Ballard spent 13 hours reviewing and finalizing Defendant's motion to strike and reply brief to Plaintiff's opposition and 3 hours reviewing and finalizing the instant motion for fees; and (2) Mr. Warren spent 35 hours researching and drafting the motion to strike and reply brief to Plaintiff's opposition and 25 hours researching and drafting the instant motion for fees. (Dkts. 50-1 ¶¶ 4, 9-10; 50-2 ¶¶ 5-6.) The declaration also anticipates counsel will spend 10 hours on tasks in connection with the reply and hearing in this matter, though

[2] Defendant states in reply she would reduce the sought award of $19,350 to $18,900 if, as occurred here, the court took the matter under submission without oral argument. (Dkt. 62 at 8 n.3.)

Defendant reduces this time by two hours in light of the court taking the matter under submission. (*See* Dkt. 50-1 ¶ 11; Dkt. 62 at 8 n.3.) Although the court agrees with Defendant that a particular form of billing records is not required, the court also agrees with Plaintiff's concerns that the records submitted to the court are too general to assess the reasonableness of the sought fees. Ultimately, the court finds the briefing and block billing entries memorialized in the supporting record before the court insufficient to determine whether the hours expended by Defendant's counsel were reasonably necessary and not duplicative. *See Makaeff v. Trump Univ., LLC*, 2014 WL 6473053, at *2-4 (S.D. Cal. Nov. 18, 2014) (ordering supplemental briefing on motion for fees following successful anti-SLAPP motion brought under California law where supporting declarations of counsel provided "vague statements of time spent and block entries" which did not "provide enough information to ascertain if the hours expended on this case were reasonable").

Defendant maintains that counsel is not required to submit detailed billing spreadsheets. (*See* Dkt. 62 at 4-7.) Format notwithstanding, Defendant, as the fee applicant, still "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also United States v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1105 (9th Cir. 2015) ("[T]he applicant's initial duty of production is not excused by lack of opposition."). "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce

satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)); *see also ComputerXpress, Inc. v. Jackson* 93 Cal. App. 4th 993, 1020 (2001) ("[A]s the parties seeking fees and costs, defendants bear the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. To that end, the court may require defendants to produce records sufficient to provide a proper basis for determining how much time was spent on particular claims.") (cleaned up).

Accordingly, as set forth in more detail below, the court **CONTINUES** Defendant's Motion for Mandatory Attorney's Fees and Costs and **ORDERS** supplemental briefing on the reasonableness of the amount sought given it is undisputed that the anti-SLAPP statute mandates an award of fees in this instance. *See Makaeff*, 2014 WL 6473053, at *4 (ordering supplemental briefing in similar circumstances).

## IV. Disposition

Having found no just reason for delay, the court **DIRECTS** the Clerk of Court to enter final judgment in favor of Defendant and against Plaintiff. Defendant's Motion for Partial Judgment (Dkt. 49) is therefore **GRANTED**. This does not close the case because claims against Defendant Harding remain pending.

Defendant's Motion for Award of Mandatory Attorney's Fees and Costs (Dkt. 50) is **CONTINUED** and **RESET** for hearing on **September 21, 2023, at 10:00 a.m.** The court further **ORDERS** supplemental briefing, should the parties wish to submit it, as follows:

1. Defendant may submit updated documentation breaking down the amount of fees and/or costs sought in the Motion for Award of Mandatory Attorney's Fees and Costs (Dkt. 50) in further detail **on or before August 24, 2023**.[3] Defendant may also submit a memorandum of points and authorities in support of the reasonableness of the sought fees and/or costs, but the memorandum must not exceed **five (5) pages**.
2. Plaintiff may file a response thereto indicating Plaintiff's position on the reasonableness of those sought fees and/or costs **on or before September 7, 2023**. Any response must not exceed **five (5) pages**.

**IT IS SO ORDERED**.

Dated: August 8, 2023

Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE

[3] In the interest of clarity, the court notes the number of hours should not include any hours spent on this supplemental brief.